Newton M. Samuels, Appellant *v.* City of Beaver Falls, Appellee.

Submitted on briefs October 5, 1983, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Timothy Finn,* for appellant.

*Edward S. Young,* for appellee.

Opinion by Judge Barbieri, May 21, 1984:

Newton M. Samuels (Appellant) appeals here from an order of the Court of Common Pleas of Beaver County directing him to make certain repairs to a building he owns at 919 Seventh Avenue in the City of Beaver Falls (City), Pennsylvania, and to demolish two buildings he owns at 218 and 220 Short Tenth Street in the City. We reverse in part and remand.

Following an inspection of Appellant's Seventh Avenue building on March 31, 1981, the City's Building Inspector and Code Enforcement Officer sent a notice to Appellant informing him provisions of the so-called BOCA Building Code (BOCA Code) adopted by reference by City Ordinance No. 1420, that the building was an unsafe structure within the intendment of Section 124.1 of the BOCA Code, and that it would have to be repaired or demolished within thirty days. Following an inspection of Appellant's Short Tenth Street buildings on June 4, 1981, a similar notice was sent to Appellant informing him that his Short Tenth Street buildings were unsafe structures within the intendment of Section 124.1 of the BOCA Code. Both notices further indicated that Appellant could appeal these determinations to the City Council "sitting as the Board of Appeals" (Board) within ten days.

Appellant subsequently filed such an appeal from each notice and following two days of hearings the Board (1) apparently issued an order dated July 14, 1981, not in the record before us, pertaining to Appellant's Seventh Avenue building, and (2) an order dated July 30, 1981 directing Appellant to repair or demolish his Short Tenth Street buildings within thirty days. On October 13, 1981, more than thirty days after the date of issuance of these orders, the Board conducted a new hearing which only addressed the question of whether Appellant had complied with the

Board's July 30, 1981 order, and concluding that he had not, the Board ordered the City's "Health and Code Enforcement Officer[,]" in an order dated October 27, 1981, to demolish and remove Appellant's Short Tenth Street buildings. Shortly thereafter, Appellant filed a Petition To Appeal Code Enforcement Order with the common pleas court seeking (1) appellate review of the Board's July 14, July 30, and October 27, 1981 orders, and (2) a supersedeas. In an order dated November 23, 1981, the court "granted" the petition and issued a rule to show cause why a supersedeas should not be issued. The City subsequently filed an answer to Appellant's petition, but this document did not address itself to the supersedeas issue, no hearing was ever held on this issue, and no supersedeas was ever granted.

Thereafter, both Appellant and the City filed a motion, without explanation, requesting a hearing de novo, and at the subsequent hearing on the appeal the court, without explanation, proceeded with such a hearing. After evaluating the evidence adduced at this hearing, pertaining to the condition of Appellant's Seventh Avenue and Short Tenth Street buildings, the court issued an order directing Appellant, *inter alia,* to make certain repairs to his Seventh Avenue building by June 15, 1982, and to demolish his Short Tenth Street buildings by June 30, 1982. Appellant then filed an appeal from this order, and the common pleas court, pursuant to Pa. R.A.P. 1925, filed a Memorandum Opinion in support of its order. In this opinion, the court made findings of fact and concluded, *inter alia,* (1) that Appellant's buildings were "unsafe structures" within the intendment of Section 124.1 of the BOCA Code, and (2) that it had the authority to conduct a hearing de novo since Section 4133 of The Third Class City Code (Code), Act of June 23, 1931, P.C. 932, *as amended,* 53 P.S. §39133, authorized

the City to "bring actions at law or equity to . . . correct . . . any violation of its building ordinance."

Before this Court, Appellant initially asserts that the court improperly conducted a hearing de novo since a "full and complete record" of the proceedings before the City Council was available. *See* Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b). We need not address this issue here, however, since it was not raised below. Section 753(a) of the Local Agency Law, 2 Pa. C. S. §753(a).

Appellant next alleges that Section 124.1 of the BOCA Code is unconstitutionally vague. Once again, however, we believe that Appellant is precluded from raising this issue here.

Although Appellant's petition to the common pleas court indicated that he sought appellate review of the City Council's July 14, July 30, and October 27, 1981 orders, this appeal, being filed more than thirty days after the City Council's July 14, 1981 and July 30, 1981 orders was untimely as to those adjudications. Pa. R.A.P. 1512(a)(1). Having failed to appeal from these adjudications, Appellant was precluded, in our view, from collaterally attacking them at a subsequent proceeding before the City Council only addressing the question of whether Appellant had complied with the City Council's July 30, 1981 order, and similarly cannot collaterally attack these adjudications here.

Finally, we note that although the court of common pleas erred by addressing itself to questions other than whether Appellant had complied with the City Council's July 30, 1981 order, the only question Appellant could properly raise before the court, the court's factual findings, amply supported by the testimonial and pictorial evidence presented to it, clearly resolve this factual issue, and since the court found that Appellant had not complied, it should have en-

tered an order affirming the City Council's October 27, 1981 order. We shall accordingly reverse the court's order in part on this ground, and remand the record in this case so that the court may enter an order affirming the City Council's October 27, 1981 order.

ORDER

Now, May 21, 1984, the order of the Court of Common Pleas of Beaver County at No. 2563 of 1981, dated April 28, 1982, is reversed except insofar as it finds that the petitioner has failed to comply with City of Beaver Falls Board of Appeals' order dated July 30, 1981, and the record in this case is hereby remanded to that court so that it may enter an order affirming the respondent's Board of Appeals' order dated October 27, 1981. Jurisdiction relinquished.